Joseph P. Capobianco *v.* Railway Express Agency, Inc.

Maltbie, C. J., Brown, Jennings, Ells and Dickenson, Js.

Argued March 3—decided April 9, 1948

*Edward Seltzer,* with whom, on the brief, was *Julius B. Schatz,* for the appellant (plaintiff).

*Albert S. Bill,* for the appellee (defendant).

Per Curiam. This is an action for damages for injury to a harp belonging to the plaintiff while it was being transported by the defendant for hire from Hartford to New York City. The court rendered judgment for the defendant and the plaintiff has appealed. The question decisive of the appeal is whether the court was warranted upon the evidence in refusing to find that the harp, when delivered to the consignee, was in the damaged condition complained of. In consequence of the consignee's death prior to the trial of the case, the plaintiff was unable to produce any direct evidence of this fact

but claims to have established it by the reasonable inferences to be drawn from the other facts found.

The material facts found by the court are not subject to correction and may be thus summarized: On March 1, 1943, at Hartford, the defendant, as a common carrier for hire, accepted the harp, which was in good condition and was enclosed in a cushioned case securely locked, for delivery to a consignee in New York City, at a declared valuation of $1500. On March 2, 1943, the shipment was delivered to and accepted by the consignee, and for more than three weeks thereafter no notice of damage was given the defendant. On March 25, 1943, the consignee requested an inspection by the defendant, and on that day he and its representative signed a joint inspection report stating that the lock was broken off the case, that the body and sounding board of the harp were broken, and that delivery was made March 2, 1943. The damage had occurred sometime between March 1 and 25, 1943. From March 2, 1943, to December 26, 1944, the harp and case were in the possession of the consignee. The plaintiff introduced no evidence to show that the damage to the harp occurred before delivery to the consignee, and the defendant introduced none as to the time, place or cause of the damage, the manner in which the harp was handled by the defendant's employees, or its condition upon delivery. The court concluded that the plaintiff failed to make out a prima facie case to show that the instrument was damaged in transit prior to delivery to the consignee and that he had not sustained his burden of proof, and rendered judgment for the defendant.

The basic claim of the plaintiff, as we understand it, is that, from the fact that the harp was delivered to the defendant in good condition and that the com-

plaint made by the consignee resulted in the inspection by the defendant of the damage, the court was bound to infer that the shipment was in damaged condition when received by the consignee. Even if we assume that the facts stated would be the basis for such an inference, it was for the trial court to determine whether under all the circumstances it should be drawn, and we cannot say that, as matter of law, the trial court was bound to draw it. *General Petroleum Products, Inc.* v. *Merchants Trust Co.*, 115 Conn. 50, 58, 160 A. 296. Particularly is this true in view of the fact that the harp was in the possession of the consignee for some three weeks before any claim was made to the defendant and that the trial court may have considered that the injury may have occurred during that time even without his knowledge.

There is no error.